**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE**

United States of America

    v.                                     Criminal No. 05-cr-095-01-SM

Cushaw Barnett

## O R D E R

On December 13, 2012, defendant appeared for a bail-revocation hearing pursuant to 18 U.S.C. § 3148.

A request to revoke bail is governed by 18 U.S.C. § 3148(b), which provides in part:

> The judicial officer shall enter an order of revocation and detention if, after a hearing, the judicial officer--
>
> (1) finds that there is-
>
>     (A) probable cause to believe that the person has committed a Federal, State, or local crime while on release; or
>
>     (B) clear and convincing evidence that the person has violated any other condition of release; and
>
> (2) finds that--
>
>     (A) based on the factors set forth in section 3142(g) of this title, there is no condition or combination of conditions of release that will assure that the person will not flee or pose a danger to the safety of any other person or the community; or
>
>     (B) the person is unlikely to abide by any condition or combination of conditions of release.

18 U.S.C. § 3148(b)(1)-(2). The government has the initial burden to establish the violation under 18 U.S.C. § 3148(b)(1). If the government establishes probable cause to believe the defendant committed a new felony offense on release, a rebuttable presumption arises that no condition or combination of conditions will assure that the person will not pose a danger to the safety of any other person or the community. 18 U.S.C. § 3148(b)(2). Otherwise, the government typically has the burden to prove by a preponderance of the evidence the requirements of section 3148(b)(2)(A) or (B). United States v. Aron, 904 F.2d 221, 224 (5th Cir. 1990); United States v. Poinsett, 953 F. Supp. 37, 38 (N.D.N.Y. 1997).

**Background**

At the time of the violations alleged by the government, defendant was out on bail pending a supervised release revocation hearing scheduled for January 22, 2013. The undersigned magistrate judge previously released defendant on conditions following a lengthy, contested hearing that took place on October 10, 2012 ("October hearing"). At the October hearing, defendant demanded the right of self-representation. After a detailed colloquy, the court granted that request but appointed Attorney Michael Ramsdell as stand-by counsel. Also

2

at the October hearing, the government argued for defendant's detention, asserting that defendant was hostile to the court's authority and jurisdiction and would not abide by any conditions of release.  For the reasons stated on the record at that hearing, the court released defendant after defendant assured the court that, despite his views about his sovereignty and the court's lack of jurisdiction over him, he would abide by conditions of release and understood that his release was conditioned on obedience to the court's orders.

On December 7, 2012, the government filed a "Report of Bail Violation" (doc. no. 139) and sought a warrant for defendant's arrest.  The court issued the warrant and defendant was brought before the court for the December 13 hearing.

### Defendant's Removal from the Courtroom

Before the hearing even began, defendant started screaming directives toward the court.  After it became clear that defendant would not stop yelling, the court took a short recess.  After the recess, defendant exhibited the same behavior and would not stop yelling despite the court's demands for order.  The court then informed defendant that if he persisted to obstruct the proceedings, the court would order his removal from the courtroom, hold the hearing in his absence, and appoint

Attorney Ramsdell to represent him at the hearing. Defendant continued to yell. The court ordered his removal and took a second brief recess. During the recess, the court inquired of the the U.S. Marshals Service about the availability of a one-way video feed from the courtroom to defendant's cell. After a video feed was established, the court began the hearing anew.

Based upon defendant's conduct, the court inquired about defendant's mental competence. Having supervised defendant since his release on his 2005 convictions, Probation Officer Daniel Gildea is extremely familiar with defendant. Officer Gildea expressed no concerns regarding defendant's mental competence, although he acknowledged that defendant's conduct exhibited more hostility to the court than he had previously witnessed from defendant. Attorney Ramsdell has had previous contact with defendant and is likewise familiar with him. Attorney Ramsdell assured the court that, in the event he developed any concerns regarding defendant's competence, he would alert the court. In light of the court's prior contact with defendant at the October hearing, as well as the statements of both Officer Gildea and Attorney Ramsdell at this hearing, I find that defendant's conduct does not appear related to mental illness. Although his courtroom demeanor was defiant, rude, and seemingly irrational, his conduct appears directly related to

his unfounded but deeply-held belief that the court has no jurisdiction or authority over him.

**Bail Revocation Hearing**

At the hearing, Attorney Ramsdell did not contest the government's evidence that defendant had committed multiple bail violations. Based upon the facts alleged in Officer Gildea's memorandum (doc. no. 139), I find that the government satisfied both prongs of 18 U.S.C. § 3148(b)(1).

On the question of whether to revoke defendant's bail, the government argued in the affirmative, asserting that defendant was unlikely to abide by any condition or combination of conditions of release. See 18 U.S.C. § 3148(b)(2)(B). Attorney Ramsdell argued that, while defendant offered no evidence that he was likely to abide by conditions of release, defendant was neither a danger nor a flight risk. Attorney Ramsdell asked the court to continue the bail-revocation hearing for approximately one week to give defendant a "cooling-off" period. Attorney Ramsdell asserted that such a "cooling-off" period would allow defendant the opportunity to regroup and argue persuasively to the court that he will abide by conditions of release. The government did not concur in Attorney Ramsdell's request for a continuance.

For the reasons explained orally from the bench during the hearing, the court revoked defendant's bail and ordered his detention pending his January 22 hearing.  The court's decision rests on the undisputed evidence that defendant is unlikely to obey any order(s) of this court that he perceives as imposing a restriction on his liberty.  The bail-revocation statute contemplates the possibility of amending a bail order and releasing a defendant

> [i]f the judicial officer finds that there are conditions of release that will assure that the person will not flee or pose a danger to the safety of any other person or the community, <u>and that the person will abide by such conditions</u> . . . .

18 U.S.C. § 3148(b) (emphasis added).  Here, the court finds that defendant will not abide by any conditions, such as the conditions of his supervised release, that he views as a restraint of his liberty.

For all of the reasons stated on the record, the court finds that the government met its burden, under either prong of 18 U.S.C. § 3148(b)(1), of establishing a bail violation.  The court further finds that defendant is unlikely to abide by any condition or combination of conditions of release, <u>see</u> 18 U.S.C. § 3148(b)(2)(B), and that revocation of bail is warranted.  The conditions of release are therefore revoked.

Accordingly, it is **ORDERED** that defendant be detained. He is committed to the custody of the Attorney General or her designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. Defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility shall deliver defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

**SO ORDERED.**

_____
Landya B. McCafferty
United States Magistrate Judge

Date: December 14, 2012

cc: Cushaw Barnett, pro se
    Michael D. Ramsdell, Esq.
    Debra M. Walsh, Esq.
    U.S. Probation
    U.S. Marshal